# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY E. LEWIS,<br><br>    Petitioner,<br><br>    v.<br><br>ANDRE D. MATEVOUSIAN,<br><br>    Respondent. | Case No. 1:16-cv-00144-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DENYING MOTION FOR DISCOVERY<br><br>(ECF Nos. 11, 14) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On December 8, 2008, Petitioner was indicted in the United States District Court for the Southern District of Ohio for: armed bank robbery; two counts of use, carrying, and discharging a firearm in relation to a crime of violence; conspiracy; and being a felon in possession of a firearm. On December 7, 2009, Petitioner pleaded guilty to count 1 (bank robbery) and count 2 (discharge of a firearm in relation to a crime of violence) pursuant to a written plea agreement. (ECF No. 14 at 2).[1] On March 17, 2010, Petitioner was sentenced to 168 months on count 1 and

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1 120 months on count 2, to be served consecutively. (ECF No. 14-1 at 12). As part of the judgment, Petitioner was ordered to pay $1,711 in restitution. (Id. at 15). Thereafter, Petitioner filed an untimely appeal. (ECF No. 14 at 3).

Petitioner currently is in the custody of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California. (ECF No. 14 at 2). On February 1, 2016, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). Petitioner challenges the BOP's authority to collect restitution payments from him, asserting that the district court impermissibly delegated to the BOP the court's obligation to set a restitution payment schedule. On May 6, 2016, Respondent filed a motion to dismiss. (ECF No. 14).

## II.

## DISCUSSION

### A. Jurisdiction

Respondent asserts that the Court lacks jurisdiction to consider Petitioner's claim because the proper mechanism for a restitution challenge is a direct appeal. (ECF No. 14 at 5). Respondent argues that because Petitioner does not challenge either the fact or duration of his confinement, his claim is not cognizable under 28 U.S.C. § 2241. (Id. at 6). Respondent also argues that Petitioner waived his claim by not raising it on direct appeal. (Id. at 6–7). The Ninth Circuit has held that a federal prisoner's claim challenging "the execution of the restitution order, specifically improper delegation, [is] properly brought . . . under § 2241," and the claim is not waived "by failing to challenge the restitution order before the sentencing court either on direct appeal or under 28 U.S.C. § 2255." Moore v. Rios, 555 F. App'x 720, 720 (9th Cir. 2014) (citing Ward v. Chavez, 678 F.3d 1042, 1044–45 (9th Cir. 2012); United States v. Lemoine, 546 F.3d 1042, 1047–50 (9th Cir. 2008)). Accordingly, the Court finds that it has jurisdiction to consider Petitioner's claim, and dismissal is not warranted on this ground.

### B. Exhaustion

Respondent also asserts that Petitioner failed to exhaust the administrative remedy process prior to filing the instant petition, and thus, the petition should be dismissed. (ECF No. 14 at 8). "As a prudential matter, courts require that habeas petitioners exhaust all available

judicial and administrative remedies before seeking relief under § 2241." Ward, 678 F.3d at 1045 (citing Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006)). However, because it is not a jurisdictional prerequisite, exhaustion can be waived if pursuing administrative remedies would be futile. Ward, 678 F.3d at 1045 (citing Castro-Cortez, 239 F.3d at 1047; Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993)).

In Ward, the petitioner had exhausted only the first step of the three-step BOP administrative remedy system by filing a formal administrative grievance with the warden, which the warden denied. 678 F.3d at 1045. The Ninth Circuit found that exhaustion would be futile because denial of the petitioner's restitution challenge was based on the Inmate Financial Responsibility Program, an official BOP policy. Id. at 1045–46. In contrast, here, Petitioner has failed to file *any* administrative remedy requests regarding the BOP's collection of restitution payments from Petitioner. (ECF No. 14-1 at 3). Given that Petitioner did not provide the BOP an opportunity to consider his claim through the administrative remedy system, the BOP has not denied Petitioner relief based on official BOP policy, distinguishing the instant case from Ward. Moreover, after Ward was decided, the BOP issued a notice to all inmates housed in facilities within the Ninth Circuit advising that they could request review of restitution orders that are "due immediately" and have no court-ordered payment schedule. See Hinojosa v. Shartle, No. CV-12-00921-TUC-BGM, 2015 WL 3823791, at *4 (D. Ariz. June 19, 2015); Villa v. McGrew, No. CV 13-3619-JSL (RNB), 2013 WL 5755489, at *5 (C.D. Cal. Oct. 23, 2013). Therefore, exhaustion of administrative remedies would not be futile in the instant case, and Petitioner's failure to file any administrative remedy requests regarding his claim requires dismissal for nonexhaustion.

**C. Merits of Petitioner's Claim**

Regardless, even if nonexhaustion did not warrant dismissal, Petitioner's claim would fail on the merits. The Mandatory Victims Restitution Act of 1996 ("MVRA") "directs that the sentencing court 'shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid.'" Ward, 678 F.3d at 1046 (quoting 18 U.S.C.

§ 3664(f)(2)). "For a restitution order to be lawful, therefore, § 3664 requires that the district court set a schedule in consideration of the defendant's financial resources." Ward, 678 F.3d at 1050.

Petitioner was ordered to pay $1,711 in restitution as part of the judgment, which included the following special instruction regarding payment:

> If the defendant, while incarcerated, is working in a non-UNICOR or grade 5 UNICOR job, the defendant shall pay $25.00 per quarter toward defendant's monetary obligation. If working in a grade 1–4 UNICOR job, defendant shall pay 50% of defendant's monthly pay toward defendant's monetary obligation. Any change in this schedule shall be made only by order of this Court.

(ECF No. 14-1 at 16). Although Petitioner relies on Ward in his petition, the Court finds the instant case is distinguishable. In Ward, the Ninth Circuit found to be unlawful a restitution order, which simply stated that a $1,000 Crime Victim Fund Assessment and $27,885 in restitution "were due and payable 'immediately'" without specifying any payment schedule. Ward, 678 F.3d at 1044, 1052. In contrast, the sentencing court here took into consideration the different possible jobs Petitioner might have while incarcerated and set a payment schedule accordingly. The payment schedule imposed in Petitioner's case is more comparable to the one upheld by the Ninth Circuit in Lemoine, which required the prisoner to pay restitution during his incarceration "at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program." Lemoine, 546 F.3d at 1044, 1050. The restitution order in the instant case complies with 18 U.S.C. § 3664 and the requirements of Ward.

**D. Motion for Discovery**

Petitioner requests that he be provided the judgment and the transcripts of his sentencing hearing in his underlying criminal case from the Southern District of Ohio in order "to prove that the district court 'did not' state a payment schedule for [Petitioner] to pay his restitution payments." (ECF No. 11). Although discovery is available pursuant to Rule 6 of the Rules Governing Section 2254 Cases,[2] it is only granted at the Court's discretion, and upon a showing

---

[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. U.S. District Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a), Rules Governing Section 2254 Cases. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09 (citing Harris v. Nelson, 394 U.S. 287 (1969)). If good cause is shown, the extent and scope of discovery is within the court's discretion. See Rule 6(a), Rules Governing Section 2254 Cases. "[A] district court abuse[s] its discretion in not ordering Rule 6(a) discovery when discovery [i]s 'essential' for the habeas petitioner to 'develop fully' his underlying claim." Smith v. Mahoney, 611 F.3d 978, 997 (9th Cir. 2010) (alterations in original) (internal quotation marks omitted) (quoting Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005)).

A copy of the judgment in Petitioner's underlying criminal case was attached as an exhibit to Respondent's motion to dismiss, which was served on Petitioner. (ECF No. 14 at 9; ECF No. 14-1 at 11–16). The transcripts of the sentencing hearing are not "essential" for Petitioner to "develop fully" his claim because the judgment, a copy of which he now possesses, includes the restitution order at issue. Accordingly, Petitioner is not entitled to discovery of the sentencing transcripts.

### III.

### RECOMMENDATION AND ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 14) be GRANTED and the petition for writ of habeas corpus be DISMISSED. Further, the Court DENIES the motion for discovery (ECF No. 11).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the

objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 25, 2016**

UNITED STATES MAGISTRATE JUDGE